AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Oklahoma

FILED
JUN 6 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CARLOS QUEN-OCHOA, a/k/a "Jose Peregrina," | ) ) ) ) | Case No. 18-mj-76-JFJ |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 28, 2018___ in the county of ___Tulsa___ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:
See Attached Affidavit by P. Darren Collins, SA, DHS-ICE

☑ Continued on the attached sheet.

P. Darren Collins
*Complainant's signature*

Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/6/18

*Judge's signature*

City and state: Tulsa, OK

Jodi F. Jayne, U. S. Magistrate
*Printed name and title*

## AFFIDAVIT

1.  I, P. Darren Collins, have been employed by Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since July 2003. I am assigned to HSI Tulsa office. Within this office, I conduct investigations in numerous areas of federal law to include, but not limited to, narcotics, immigration, financial fraud, child exploitation, and gangs. I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 8 U.S.C. § 1326(a), and am authorized by the Secretary of the Department of Homeland Security.

2.  In 1993, your affiant graduated from Missouri Southern State University in Joplin, Missouri, with a Bachelor's Degree in Criminal Justice and Associates Degree in Sociology. In June 1993, your affiant was hired by the Tulsa County Sheriff's Office in Tulsa, Oklahoma. Your affiant completed an 8 week law enforcement academy. While at the Tulsa County Sheriff's Office, your affiant was promoted to the rank of Corporal and work in Patrol Division, Training Division, Detective Division and assigned to FBI Joint Terrorism Task Force. In 2003, your affiant was hired by United States Customs and graduated from the 12 week Criminal Investigator Training Program located at the Federal Law Enforcement Training Center. Additionally, in 2003, your affiant graduated from the 12 week Immigration and Customs Enforcement Special Agent Training program also at the Federal Law Enforcement Academy. The 24 week course curriculum included criminal law involved in many facets of criminal investigations, immigration law, drug identification,

physical surveillance, preparation for prosecution, Fourth Amendment searches, drafting search warrant affidavits and what constitutes probable cause.

3. It is my belief that **Carlos Quen-OCHOA (aka Jose Peregrina)**, a citizen and national of Mexico, has violated 8 U.S.C. § 1326(a) in that on or about May 28, 2018, he was found in the United States after previously being removed without having received the express consent of the Department of Homeland Security to reapply for admission.

<u>The source of my information and grounds for my beliefs are as follows:</u>

4. On May 28, 2018, the Tulsa Police Department located **Quen-OCHOA** during a search warrant in Tulsa, Oklahoma. **Quen-OCHOA** was arrested at his residence where officers located multiple pounds methamphetamine.

5. On June 5, 2018, your affiant was advised by Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) that **Quen-OCHOA** was not in their custody and was a prior reinstate for deportation.

6. Your affiant obtained immigration documents from the alien file (number 098382959) of **Quen-OCHOA**. Your affiant reviewed the following documents:

    a. I-213, record of deportable/inadmissible alien. This document recorded the initial encounter with **Quen-OCHOA** leading to the service of a Notice and Order of Expedited Removal and was summarily removed from the United States for 20 years.

b. On October 15, 2011 **Quen-OCHOA** was ordered removed under Section 235(b)(1) of the Immigration and Nationality Act (INA).

c. On October 20, 2011, **Quen-OCHOA** was removed from the United States to Mexico at Del Rio, Texas.

d. As part of the removal process, the United States issued an I-296, warning to alien ordered removed or deported. This form warned **Quen-OCHOA** that he was banned from re-entering the United States for a period of 5 years beginning October 20, 2011.

e. On January 21, 2012, **Quen-OCHOA** applied for admission to the United States at the San Ysidro Port of Entry. **Quen-OCHOA** attempted entry into the United States by presenting a fraudulent B1/B2 visa.

f. On January 22, 2012, **Quen-OCHOA** was ordered removed under Section 235(b)(1) of the Immigration and Nationality Act (INA).

g. On January 24, 2012, **Quen-OCHOA** was removed from the United States to Mexico at Brownsville, Texas.

h. As part of the removal process, the United States issued an I-296, warning to alien ordered removed or deported. This form warned **Quen-OCHOA** that he was banned from re-entering the United States for a period of 20 years beginning January 24, 2012.

7. On the basis of the forgoing, it is my belief that **Quen-OCHOA**, a citizen and national of Mexico, has violated 8 U.S.C. § 1326(a) in that on or about May 28, 2018, he was found in the United States after previously being removed without having received the express consent of the Secretary of the Department of Homeland Security to reapply for admission.

_____
P. Darren Collins
Special Agent
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement

Subscribed and sworn to before me on this 6th day of June 2018.

_____
HONORABLE JODI F. JAYNE
UNITED STATES MAGISTRATE JUDGE